UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

  v.

**SIYUAN YE,**

        **Defendant.**

:

:

:

**Case No. 2:23-cr-183**
**Judge Sarah D. Morrison**

**OPINION AND ORDER**

This matter is before the Court on Defendant Siyuan Ye's Motion for Revocation of the Magistrate Judge's Detention Order and Order of Pretrial Release. (ECF No. 21.) In his Motion, Mr. Ye requests that he be released to home confinement with electronic monitoring pending trial. (*Id.*) The Government opposes. (ECF No. 23.)

The Court has evaluated *de novo* the Magistrate Judge's detention order, including reviewing the Pretrial Services Report, a recording of the detention hearing, and all materials and briefing available on the docket. Having considered the evidence *de novo*, the Court **DENIES** the Motion and **AFFIRMS** the Magistrate Judge's Detention Order.

    **I.**    **BACKGROUND**

Mr. Ye, a 23-year-old Chinese national, immigrated to the United States on a student visa in 2017 to study at The Ohio State University. (PSR, ECF No. 10,

PAGEID # 28.) He later obtained a work visa, which has since expired. (*See id.*) Mr. Ye is currently subjected to removal proceedings.

On August 30, 2023, Mr. Ye was charged in a criminal complaint with Mail Fraud, in violation of 18 U.S.C. § 1341, and Identify Fraud, in violation of 18 U.S.C. § 1028(a)(7). A warrant for his arrest was issued, and Mr. Ye was detained the following day.

On September 6, 2023, Magistrate Judge Chelsey M. Vascura held a hearing on the Government's motion to detain Mr. Ye pending resolution of the charges. (*See* ECF No. 7, 8.) The Magistrate Judge found that the Government proved by a preponderance of the evidence that no conditions on Mr. Ye's release would reasonably assure his appearance for trial. (ECF No. 12.) In particular, she expressed concerns that Mr. Ye has several aliases involving false documents and is a flight risk. (ECF No. 11.)

The Magistrate Judge also cited the weight of the evidence, prior criminal history, lack of stable employment and residence, lack of significant community and family ties, lack of legal status, prior failure to appear in court, use of false documents, and unknown or unverified background. (*Id.*) Considering the factors under 18 U.S.C. § 3142(g), the Pretrial Services Report, and all other information presented at the hearing, the Magistrate Judge determined that there were no conditions of release that could reasonably assure Mr. Ye's appearance, and so ordered him detained pending trial. (ECF No. 12.)

On September 12, 2022, a federal grand jury returned an indictment charging Mr. Ye with three counts of Mail Fraud under 18 U.S.C. § 1341 and two counts of Aggravated Identify Theft under 18 U.S.C. § 1028(a)(1). (ECF No. 14, PAGEID # 59-65.) Trial is currently scheduled for February 26, 2023.

## II. LEGAL STANDARD

Pursuant to the Bail Reform Act, "a defendant shall be detained pending trial if, after a hearing, the judicial officer finds that no condition or set of conditions will reasonably assure the defendant's appearance as required and the safety of any other person and the community." *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004). "The government must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness to any other person or the community by clear and convincing evidence." *Id.* (citing *Cisneros*, at 616). Indeed, "[p]retrial detention can be ordered based on a judicial finding of either substantial danger to the community or risk of flight; only one is required." *United States v. Ford*, 455 F. Supp. 3d 512, 518 (S.D. Ohio 2020) (internal citations and quotations omitted).

Once the Government has met its burden, the judicial officer must determine whether conditions exist that would reasonably assure the defendant's appearance and the safety of the community upon a defendant's release. *See* 18 U.S.C. § 3142(g). Subsection (g) sets out the factors to consider in making such a determination:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;

  (3) the history and characteristics of the person, including—

    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

  (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). If the judicial officer determines that a detention order is necessary, they shall submit a written statement of the reasons for the detention. *Id.* § 3142(i)(1).

When a magistrate judge issues a detention order, a defendant may request that that order be reviewed by the district court. 18 U.S.C. § 3145(b). The district judge reviews the evidence *de novo*, *United States v. Yamini*, 91 F. Supp. 2d 1125, 1130 (S.D. Ohio 2000) (Marbley, C.J.). While the district court is obligated to review the magistrate judge's determination, it need not hold a hearing. *See, e.g., United States v. Romans*, No. 00-5456, 2000 U.S. App. LEXIS 10708, 2000 WL 658042, *1 (6th Cir. May 9, 2000) (affirming district court review without a hearing).

### III. ANALYSIS

Mr. Ye seeks revocation of the detention order on three grounds. First, he argues that although Magistrate Judge found that he was entitled to a detention hearing pursuant to 18 U.S.C. § 3142(f)(1), none of the charges against him falls

4

under that section. Instead, 18 U.S.C. § 3142(f)(2) applies, and because the government has not shown that Mr. Ye does not meet any of these factors, he is unlawfully detained and should be released. (*See* Mot., ECF No. 21, PAGEID # 89.) Second, he contends that the Magistrate Judge erred in finding that there are no conditions of pretrial release that would ensure his appearance. (*Id.*, PAGEID # 89-90.) And, finally, Mr. Ye argues that an immigration detainer is not a basis to deny release. (*Id.*, PAGEID # 91-92.)

***Burden of Proof.*** The Government has established Mr. Ye's risk of nonappearance by a preponderance of the evidence. Because Mr. Ye has not been charged with any offenses listed in 18 U.S.C. § 3142(f)(1), there is no presumption of detention. *See United States v. Walls*, No. CR 2-06-192, 2008 WL 213886, at *2 (S.D. Ohio Jan. 23, 2008) (Marbley, J.). Nonetheless, detention is appropriate if a preponderance of the evidence shows that there is a serious risk of flight. *See* 18 U.S.C. § 3142(f)(2). The Magistrate Judge determined that Mr. Ye's alleged "prolific use of aliases and false documents" makes him a flight risk. As was the Magistrate Judge, the Court is concerned with Mr. Ye's ability to procure false documents. That a clerical error was made in selecting 18 U.S.C. § 3141(f)(1) on the Detention Order does not negate the Magistrate Judge's finding that Mr. Ye poses a serious risk of flight.

Also, nowhere in the Detention Order or the hearing did the Magistrate Judge rely on Mr. Ye's immigration detainer to deny release. Rather, she found that his expired legal status is a contributing factor to his flight risk.

5

*Nature and Circumstances of the Offense*. The nature and circumstances of the charged offenses weigh in favor of pretrial detention. Mr. Ye is charged with mail fraud and aggravated identity theft. He has obtained driver licenses in the names of at least three different individuals; opened credit cards and made high dollar amount purchases, including a motorcycle, with the stolen identities; secured an apartment and renter's insurance in another's name; and applied for a job using the stolen information. Mr. Ye also unlawfully accessed the Bureau of Motor Vehicles ("BMV") records of three additional victims. Although these crimes do not involve violence, minors, or controlled substances, the evidence demonstrates Mr. Ye's ability to conceal his identity. Thus, the nature and circumstances of these allegations demonstrate a serious risk of Mr. Ye's nonappearance.

*Weight of the Evidence*. The weight of the evidence with respect to Mr. Ye's flight risk strongly supports his continued detention pending trial. This factor goes to the weight of the evidence of an accused dangerousness or flight risk, not their guilt. *United States v. Richardson*, No. 2:11-CR-220, 2011 WL 5026456, at *6 (S.D. Ohio Oct. 21, 2011) (citing *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010)). According to the criminal complaint, Mr. Ye was captured on video committing fraud. There is evidence of his IP address information, mailing address, and apartment that are all linked to fraudulent activities. (Compl. ¶¶3-18, PAGEID # 2-7.)

*History and Characteristics*. Mr. Ye's personal history and characteristics weigh in favor of his continued detention pending trial. He is a Chinese citizen and

6

has familial ties to China—a country that does not have an extradition treaty with the United States. Apart from his girlfriend, he has no known family ties to the United States. Additionally, Mr. Ye is without legal status in this country.

Mr. Ye also lacks stable residence; he is unemployed, had rented an apartment in a stolen identity, and was facing eviction from that apartment. His girlfriend stated that he would not be living with her and her family if released although Mr. Ye relayed to the pretrial services officer that he would. He and his girlfriend further provided conflicting information to the pretrial officers concerning their dating history, his contact with his family in China, his educational background, employment history, and living situation.

Finally, Mr. Ye was previously arrested in April 2022, failed to appear in that matter, and then committed the charged offenses after that arrest. His personal history and characteristics demonstrate his instability and failure to comply with court orders.

***Nature and Seriousness of Risk of Flight***. The nature and seriousness of Mr. Ye's flight risk weighs in favor of continued detention. As previously mentioned, he has failed to appear and lack significant ties to the community. Though law enforcement has seized his passport, the Court cannot ignore Mr. Ye's underlying conduct outlined in the Indictment—1) unlawfully accessing BMV records, 2) procuring false driver's licenses, 3) opening credit cards and purchasing big ticket items.

After considering the requisite factors, no condition or combination of conditions of release would reasonably assure Mr. Ye's appearance as required pending trial.

## IV. CONCLUSION

For the foregoing reasons, Mr. Ye's Motion to Revoke Detention Order and Order of Pretrial Release (ECF No. 30) is **DENIED**. The detention order remains in effect and is hereby **AFFIRMED**.

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**